IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PHILIP SESSLEY, et al.,

    Plaintiff,

v.

WELLS FARGO BANK, NA, as
Trustee for Option One Mortgage
Loan Trust 2001-C, Asset-Backed
Certificates, Series 2001-C, et al.,

    Defendants.

Case No. 2:11-cv-348
Judge Sargus
Magistrate Judge Kemp

## ORDER

For the following reasons, Plaintiffs' applications for a temporary restraining order (Docs. 2 & 28) are **DENIED**.

The Sixth Circuit Court of Appeals has explained the inquiry involved in addressing either a motion for a temporary restraining order or a preliminary injunction:

> When ruling on a motion for [injunctive relief], a district court must consider and balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004) (quoting *Blue Cross & Blue Shield Mut. of Ohio v. Columbia/HCA Healthcare Corp.*, 110 F.3d 318, 322 (6th Cir. 1997) (internal quotations and citations omitted)). *See also Edward Rose & Sons*, 384 F.3d at 261 (6th Cir. 2004) (quoting *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir.1994)). The Sixth Circuit has further explained that a district court should not consider the

foregoing factors as prerequisites to be met; rather, these factors are to be balanced in a weighing of the equities involved. *Edward Rose & Sons*, 384 F.3d at 261.

Here, an award of preliminary relief is not warranted as Plaintiffs have failed to demonstrate irreparable harm if the requested relief is denied. In this regard, records of the Franklin County Court of Common Pleas indicate that Plaintiffs were evicted from the residence at issue in this case on March 24, 2011. Plaintiffs initial application for a temporary restraining order was not filed until April 25, 2011, approximately one month after the eviction had already occurred. Accordingly, no showing of irreparable harm based on eviction from the home is possible. The lack of such a showing compels denial of Plaintiffs' request.

**IT IS SO ORDERED.**

10-6-011
DATED

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

2