# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**PHILLIP SESSLEY, et al.,**

    **Plaintiffs,**

v.

**WELLS FARGO BANK, N.A., et al.,**

    **Defendants.**

Case No. 2:11-cv-348
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is presently before the Court on the Motion to Dismiss of Defendants Wells Fargo Bank, N.A., Sand Canyon Corporation, and Option One Mortgage Corporation (Doc. 12), which is hereby **GRANTED**, Defendants Dennis Reimer, Peter Mehler, and Reimer & Lorber Co., L.P.A.'s Motion to Dismiss Complaint (Doc. 15), which is hereby **GRANTED**, and Plaintiffs Phillip Sessley and Leonadra Hutchins Sessley Request for Leave to File First Amended Verified Complaint & Declaratory Judgment (Doc. 29), which is hereby **DENIED**.

## I. Introduction

On April 24, 2011, Phillip Sessley and Leonadra R. Huchins Sessley, who are proceeding without the assistance of counsel, filed the complaint in this action.[1] In the complaint, the plaintiffs contend that the Franklin County, Ohio Court of Common Pleas' ruling in Case No. 07CVE-02-1896, *affirmed on appeal in Wells Fargo Bank, N.A. v. Sessley, et al.*, 188 Ohio App. 3d 213, 935 N.E.2d 70 (Ohio Ct. App. 2010) ("Foreclosure Action"), was "predicated on fraud, mistake, and surprise," is "void *ab initio*," and constitutes an "illegal foreclosure." (Doc. 6 at 2.)

---

[1] The Clerk docketed the complaint on May 17, 2011 (Doc. 6), after the Magistrate Judge granted (Doc. 5) the plaintiffs' request to proceed *in forma pauperis* (Doc. 1).

The plaintiffs allege that the defendants made intentional misrepresentations, engaged in bad faith, unfair business practices, and malicious and unconscionable conduct during the Foreclosure Action. The plaintiffs request monetary damages, attorney fees and costs, restitution, divestment of the property at issue, declaratory relief determining "the validity of the foreclosure proceedings and sheriff sale proceedings," a "determination that the plaintiffs are the legal and equitable titled owners of the subject property," and an "injunction and restraining order against the defendants, their legal counsels, employees and representatives from any further attempts to sell, assign or transfer the defendants' ownership title or interest" in the subject property." *Id* at 3.

On September 27, 2011, the plaintiffs filed a request for leave to file an amended complaint. The proposed amended complaint also submits that the Foreclosure Action should be vacated because of the defendants' alleged misrepresentations and fraud, which allegedly constitute unclean hands, bad faith and fraudulent conduct, unfair business practices, and discrimination in the mortgage loan made to the plaintiffs and the "baseless foreclosure complaint against the plaintiffs[.]" (Doc. 29 at 9.) The plaintiffs request relief in the form of money damages, and "an order voiding the foreclosure action," "recision of the trustee's deed upon sale," restitution, declaratory relief, permanent injunctive relief "enjoining defendants from their unlawful activity, and attorneys fees and costs." *Id.* at 42-43, ¶¶ 196-197, 110-115.[2]

The facts relied upon in this Opinion and Order were taken from the pleadings or documents that are properly considered part of the pleadings and from the filings in the Foreclosure Action of which this Court takes judicial notice. *See Weiner v. Klais and Co., Inc.*,

---

[2]The last paragraphs are not numbered in sequence with the paragraphs before them.

108 F.3d 86, 89 (6th Cir. 1997) (documents are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim); *see also Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005) (court has discretionary authority to take judicial notice of the filings in the record of the state court proceeding).

## II. Background

On May 15, 2001, Mr. Sessley signed an adjustable rate note in favor of Option One Mortgage Corporation ("Option One") in the amount of $85,500.00 ("Note"). That same day, as security for the Note, both Mr. and Mrs. Sessley signed an open-end mortgage ("Mortgage") naming Option One as mortgagee, for property located at 963 N. Nelson Road, Columbus, Ohio 43219. The Mortgage was recorded on May 18, 2001 as Instrument 200105180109654 in the Franklin County, Ohio Recorder's Office. On February 8, 2007, Option One executed a corporation assignment of an open-end mortgage transferring its interest in the Note and Mortgage to Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2001-C, Asset-Backed Certificates, Series 2001-C ("Trustee Wells Fargo"), which was recorded on March 9, 2007 as Instrument No. 200703090042324 in the Franklin County, Ohio Recorder's Office. On approximately November 1, 2005, the Sessleys defaulted under the terms of the Note and Mortgage by reason of nonpayment. Subsequently, Trustee Wells Fargo retained Reimer & Lorber Co., LPA, and attorneys Peter Mehler and Dennis Reimer ("Foreclosure Counsel") to initiate the Foreclosure Action against the plaintiffs.

In the Foreclosure Action, the plaintiffs filed counterclaims and crossclaims against the Trustee Wells Fargo and Option One n/k/a Sand Canyon Corporation ("Sand Canyon"). Those claims were for (1) violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; (2)

3

violations of the Home Ownership Equity Protection Act, 15 U.S.C. § 1639; (3) violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*; (4) violations of the Federal Trade Commission Act, 15 U.S.C. 45(a); (5) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.*; (6) violations of the Ohio Consumer Sales Practices Act ("CSPA"), Ohio Revised Code Chapter 1345; (7) conversion; (8) breach of contract; (9) breach of fiduciary duty; (10) fraud; and (11) conspiracy. The trial court entered summary judgment in favor of the Trustee Wells Fargo on its foreclosure complaint and in favor of the defendants on each of the Sessleys' counterclaims and crossclaims. The trial court's judgment was affirmed by the Court of Appeals of Ohio, Tenth Appellate District, Appeal No. 09AP-178, on June 24, 2010. The Sessley's then sought discretionary review from the Supreme Court of Ohio, which denied their request. *Wells Fargo Bank, N.A. v. Sessley*, 126 Ohio St. 3d 1618 (Oct. 27, 2010).

As a result of the Foreclosure Action, a decree of foreclosure was issued in favor of the Trustee Wells Fargo on October 28, 2008. The notice of Sheriff's sale was filed on January 30, 2009, and the Trustee Wells Fargo purchased the property at issue at the February 27, 2009 Sheriff's sale. The Sheriff's sale was confirmed on April 14, 2009 and a motion to amend the order confirming the Sheriff's sale and ordering a distribution was granted on May 26, 2009. The praecipe for writ of possession was filed on February 2, 2011, and the eviction was completed on March 24, 2011 by the Sheriff's department.

On April 25, 2011, the Sessleys filed the complaint in the instant action. They named as defendants the same defendants as those named in the counterclaims and crossclaims in the Foreclosure Action, *i.e.*, Trustee Wells Fargo, Option One, and Sand Canyon, and also named Foreclosure Counsel as defendants. In the complaint, the plaintiffs allege the following claims

4

for relief: (1) violations of the FDCPA; (2) fraud and deceit; (3) unjust enrichment; (4) negligent infliction of emotional distress; (5) unfair business practices; (6) violations of the Ohio CSPA; (7) the Ohio Racketeer Influenced and Corrupt Organizations Act ("RICO"), Ohio Rev. Code § 2923.31 *et seq.*; (8) wrongful foreclosure; (9) quiet title and other relief; (10) violation of the Equal Employment Opportunity Commission ("EEOC") and discrimination; (11) injunctive relief; and (12) damages in excess of $25,000. (Doc. 6 at 1.)

In the proposed amended complaint, the plaintiffs named as defendants the same entities and individuals named in the complaint. The proposed amended complaint alleges the following claims for relief: (1) declaratory judgment; (2) negligence; (3) breach of contract; (4) unjust enrichment; (5) violation of the FDCPA; (6) Ohio RICO violations; (7) EEOC and discrimination; (8) quiet title; (9) violation of the Ohio CSPA. (Doc. 29 at 1.)

### III. *Pro Se* Litigants

A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652(1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). A court should make a reasonable attempt to read the pleadings of a *pro se* litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp.2d 740, 749 (S.D. Ohio 1998) (Kinneary, J.) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "This standard does not mean, however, that *pro se* plaintiffs are entitled to take every case to trial." *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). "Indeed, courts

5

should not assume the role of advocate for the *pro se* litigant." *Id.* (citing *Hall*, 935 F.2d at 1110). *See also Derrick v. Dana Driveshaft Mfg., LLC*, No. 3:09CV793, 2010 U.S. Dist. LEXIS 91243, at *8 (N.D. Ohio Sept. 2, 2010) (a plaintiff's *pro se* status "does not relieve him of the bar imposed by *res judicata*").

## IV. Motion to Amend Complaint

The plaintiffs filed their motion to amend the complaint on September 27, 2011. (Doc. 29.) The defendants filed memoranda in opposition to the plaintiffs' request to amend the complaint (Docs. 33, 35), and the plaintiffs filed a reply brief in support of their motion to amend (Doc. 36).

### A. Rule 15 of the Federal Rules of Civil Procedure

Generally, leave to amend a complaint shall be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of the request to amend a complaint is left to the broad discretion of the district court. *Gen'l Electric Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). "In deciding whether to allow an amendment, the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A proposed amendment is futile, and therefore should not be permitted, if it cannot state a viable claim that would survive a motion to dismiss. *See, e.g., Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006) ("A district court may deny a plaintiff leave to amend his or her complaint. . . when the proposed amendment would be futile."); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

6

The plaintiffs' request to amend the complaint is not well taken because permitting the plaintiffs to file the proposed amended complaint would be futile. As the Court explains in its analysis *infra*, neither the complaint nor the proposed amended complaint can survive the defendants' motions to dismiss. Accordingly, the Court **DENIES** the plaintiffs' motion to amend the complaint.

## V. Motions to Dismiss

The defendants all move for dismissal under the doctrine of *res judicata* and, alternatively, for lack of subject matter jurisdiction by application of the *Rooker-Feldman* doctrine, among other reasons.

### A. Standard

*Res judicata* is properly raised on a Rule 12(b)(6) motion to dismiss. *See Donohue v. United States*, No. 1:05-cv-175, 2006 U.S. Dist. LEXIS 75864, at *7 (S.D. Ohio Oct. 18, 2006) (Dlott, J.) (doctrine of *res judicata*, although typically raised as affirmative defenses pursuant to Fed. R. Civ. P. 8(c), is appropriate to be reviewed "under the parameters of Rule 12(b)(6)"). To survive a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

7

**B. Analysis**

The defendants first argue that this Court must dismiss this action pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine originates from two United States Supreme Court decisions, which were rendered 60 years apart. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In both cases the plaintiffs challenged the validity of state court decisions by filing suit in federal district court. In *Rooker*, the plaintiff asked the district court to render the state court judgment against him "null and void." *See Rooker*, 263 U.S. at 414-15. In *Feldman*, the plaintiffs filed suit against the actual state court that had rejected the plaintiffs' applications to practice law. *Feldman*, 460 U.S. at 478-79. In both cases the Supreme Court dismissed the suits for lack of subject matter jurisdiction, reasoning that pursuant to 28 U.S.C. § 1257, only the United States Supreme Court, and not the lower federal courts, enjoys appellate jurisdiction over state court decisions. *See Rooker*, 263 U.S. at 414-15; *Feldman*, 460 U.S. at 478-79.

The defendants argue that the *Rooker-Feldman* doctrine works to divest this Court of subject matter jurisdiction to consider the plaintiffs' claims. The Court notes, however, that not all judicial officers in the Southern District of Ohio have applied the *Rooker-Feldman* doctrine in foreclosure cases similar to the one at issue here. For example, *Fletcher v. Federal National Mortgage Association*, No. 3:11cv00083, 2011 U.S. Dist. LEXIS 125566, 2011 WL 5175611 (S.D. Ohio Oct. 4, 2011), addressed a situation in which *pro se* plaintiffs brought a federal case arising from a state foreclosure proceeding, and rejected the contention that *Rooker-Feldman* applied. In a well-reasoned analysis, Magistrate Judge Ovington explained:

The *Rooker-Feldman* Doctrine prevents federal district courts from exercising

8

appellate jurisdiction over state court judgments and applies to cases, "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Accordingly, federal district courts lack jurisdiction under *Rooker-Feldman* when (1) a case is brought by parties unsuccessful in state court, (2) the plaintiff complains of injuries caused by state-court judgments, (3) the state-court judgment was rendered prior to the district court proceedings commencing, and (4) plaintiffs invite the district court to review and reject those state-court judgments. *Id.*

Because there is little question that Plaintiffs were unsuccessful in their state-court claims, the state-court judgments were rendered prior to proceedings commencing in this Court, and that Plaintiffs plainly seek rejection of those judgments, the sole question is whether the injuries of which Plaintiffs complain were caused by the state-court judgments.

Defendants correctly point out that the key to such a determination is the source of the alleged injuries. (Doc. # 18 at 127). However, they mistakenly rely on an unpublished opinion (*Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. Appx. 487, 490 (6th Cir. 2005)) to support their determination that Plaintiffs are complaining of injuries caused by the state-court judgments. (Doc. # 18 at 7). The Eastern Division of the United States District Court for the Southern District of Ohio held *Kafele* to have limited precedential value because (1) unpublished decisions are not controlling authority and (2) *Kafele* failed, "to recognize a significant change in circuit law wrought by the Supreme Court's ruling in *Exxon Mobil*, earlier the same year." *Miller v. Countrywide Home Loans, Inc.*, 747 F. Supp. 2d 947, 957 (S.D. Ohio 2010) (citations omitted).

In order to provide guidance in the wake of *Exxon-Mobil Corp.*, the United States Court of Appeals for the Sixth Circuit explained:

> Federal jurisdiction is proper if a federal plaintiff presents an independent claim, "albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." *Id.* [*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) ] (quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir.1993)). In the wake of *Exxon Mobil Corp.*, we recently adopted a Fourth Circuit rule to differentiate between claims attacking state-court judgments, which are barred by *Rooker-Feldman*, and independent claims, over which lower federal courts have jurisdiction. The focus, we held, must be on

9

> ... the source of the injury that the plaintiff alleges
> in the federal complaint. If the source of the injury
> is the state court decision, then the *Rooker-Feldman*
> doctrine would prevent the district court from
> asserting jurisdiction. If there is some other source
> of injury, such as a third party's actions, then the
> plaintiff asserts an independent claim.
>
> *McCormick* [*v. Braverman* ], 451 F.3d [382] at 393 [(6th.
> Cir.2006)]. Thus, a complaint in which the plaintiff contends he
> was injured by the defendants, rather than by the state court
> decision itself, is not barred by *Rooker-Feldman*, even if relief is
> predicated on denying the legal conclusion reached by the state
> court.

*Brown v. First Nationwide Mortg. Corp.*, 206 Fed.Appx. 436, 439 (6th Cir.2006).

The Sixth Circuit Court addressed a situation similar to the matter *sub judice* in *Todd v. Weltman, Weinberg & Reis Co., L.P .A.*, 434 F.3d 432 (6th Cir. 2006). In *Todd*, the Plaintiff filed a complaint in the U.S. District Court for the Southern District of Ohio claiming that Defendant had filed a false affidavit as part of a garnishment action Defendant had previously executed against Plaintiff in Ohio state court. *Id.* at 435. The Defendant filed a motion to dismiss arguing, *inter alia*, that the *Rooker-Feldman* Doctrine barred jurisdiction. *Id.* at 434.

Applying the Supreme Court's holding in *Exxon-Mobil*, the Sixth Circuit stated:

> The *Rooker-Feldman* doctrine does not preclude jurisdiction over
> Plaintiff's claim. Defendant in the instant case claims this Court
> lacks subject matter jurisdiction because Plaintiff's federal claim is
> inextricably intertwined with the Ohio state court decision that
> Defendant's affidavit was valid. This argument ignores the fact
> that Plaintiff here does not complain of injuries caused by this state
> court judgment, as the plaintiffs did in *Rooker* and *Feldman*.
> Instead, after the state court judgment, Plaintiff filed an
> independent federal claim that Plaintiff was injured by Defendant
> when he filed a false affidavit. This situation was explicitly
> addressed by the *Exxon-Mobil* Court when it stated that even if the
> independent claim was inextricably linked to the state court
> decision, preclusion law was the correct solution to challenge the
> federal claim, not *Rooker-Feldman*. While Defendant is
> technically correct that this guidance was not essential to the
> holding on the facts of *Exxon Mobil*, as that case dealt with parallel

10

> state and federal proceedings, the Supreme Court went beyond the
> facts of the case to give clear instructions to the circuits on how to
> address additional factual situations. To follow the reasoning of
> Defendant would be to ignore these unambiguous directives from
> the Supreme Court.
>
> A brief reading of Plaintiffs' complaint shows it is clear that Plaintiffs claim their
> injuries were caused by the Defendants, rather than the state-court judgment.
> Plaintiffs' claims include allegations of false affidavits, insufficient notice, and
> failure to show standing. (Doc. # 2 at 16). All of Plaintiffs' claims are based on
> alleged conduct of the Defendants. Furthermore, the claims presented by
> Plaintiffs were not raised or addressed in the state-court action and are therefore
> independent claims permissible under *Rooker-Feldman*. Accordingly, Plaintiffs
> claim is not barred under the *Rooker-Feldman* Doctrine.

*Fletcher*, 2011 U.S. Dist. LEXIS 125566, 2011 WL 5175611, at *2-4; *see also Fletcher v. Federal National Mortgage Association*, No. 3:11cv083, 2011 U.S. Dist. LEXIS 125773, 2011 WL 5191392, at *1 (S.D. Ohio Oct. 31, 2011) (Judge Rice's decision adopting and affirming the Magistrate Judge's analysis: "This Court agrees with the Magistrate Judge's thorough analysis of the *Rooker-Feldman* Doctrine, as applied to the allegations of the Plaintiffs' Complaint."); *Perkins v. Wells Fargo Bank, N.A.*, No. 2:11-cv-952, 2011 U.S. Dist. LEXIS 138221 (S.D. Ohio Dec. 1, 2011) (Frost, J.) (recognizing that *Rooker-Feldman* may not apply to the request to review foreclosure action).

This Court finds the *Fletcher* analysis persuasive and follows it here. Under this analysis, the *Rooker-Feldman* doctrine would not work to deprive this Court of subject matter jurisdiction over certain aspects of the case *sub judice*, *i.e.*, the plaintiffs' allegations in the complaint and proposed amended complaint regarding the harm caused by the defendants' misrepresentations allegedly made in the Foreclosure Action.

11

This does not mean, however, that this Court necessarily proceeds to address the merits of the plaintiffs' claims. Additional analysis in *Fletcher* provides:

> Although the *Rooker-Feldman* Doctrine does not prevent this Court from exercising jurisdiction, preclusion prevents the Court from providing Plaintiffs the relief they seek. The difference is that preclusion is not a jurisdictional matter. *Exxon-Mobil*, 544 U.S. at 293.
>
> The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to, "give the same preclusive effect to a state-court judgment as another court of that State would give." *Id.* at 293 (citing *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986)). Furthermore, 28 U.S.C. § 1257 provides that only the United States Supreme Court shall have authority to review final judgments rendered by a state's highest court. "Because the Supreme Court was specifically given jurisdiction to hear appeals from final judgments of the highest state courts, lower federal courts do not have jurisdiction to review such judgments." *Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458, 461 (6th Cir. 2003) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)).
>
> Plaintiffs state in their prayer for relief, "I want the Court to stop all impending action against my home. I want the Court to vacate all actions the Defendant prevailed using false affidavits." (Doc. # 2 at 16). As a court of original jurisdiction, this Court lacks the authority to vacate a state-court judgment. *See Feldman*, 460 U.S. at 483.

*Fletcher*, 2011 U.S. Dist. LEXIS 125566, 2011 WL 5175611, at *4; *see also Fletcher v. Federal National Mortgage Ass'n*, No. 3:11cv083, 2011 U.S. Dist. LEXIS 125773, 2011 WL 5191392, at *1 (S.D. Ohio Oct. 31, 2011) (the District Judge's decision adopting this analysis: "The Court adopts, in its entirety, the Magistrate Judge's conclusion that the doctrine of preclusion prevents the Court from providing Plaintiffs the relief sought.").

Similar to the facts before the *Fletcher* court, the plaintiffs here ask this Court to vacate the state court actions that the defendants prevailed upon by their alleged fraud upon the state court. This Court, however, like the *Fletcher* court, is one of limited jurisdiction and lacks the authority to vacate a state-court judgment. *See Pieper*, 336 F.3d at 461 (citing *Feldman*, 460

12

U.S. at 482). Further, to the extent that the plaintiffs ask for relief other than vacation of the state court judgment, the complaint is barred by the specific preclusion doctrine of *res judicata*, or claim preclusion.

The defendants all rely upon federal law regarding *res judicata*. However, in a claim preclusion analysis, this Court "must give the same effect to a state court judgment that would be given by a court of the state in which the judgment was rendered." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28 U.S.C. § 1738). Consequently, when asked to give preclusive effect to a prior state court judgment, a federal court must look to the law of the rendering state to determine whether and to what extent that prior judgment should receive preclusive effect in a federal action. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Thus, this Court looks to Ohio law to determine the preclusive effect of the judgment entered against the plaintiffs in the Foreclosure Action. *See City of Canton, Ohio v. Maynard*, 766 F.2d 236, 237-38 (6th Cir. 1985).

"Under Ohio law, the doctrine of *res judicata* consists of 'the two related concepts of claim preclusion, also known as *res judicata* or estoppel by judgment, and issue preclusion, also known as collateral estoppel.'" *Doe ex rel. Doe v. Jackson Local Schs. Sch. Dist.*, No. 10-3272, 422 Fed. Appx. 497, 500 (6th Cir. May 11, 2011) (quoting *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St. 3d 59 (2007)). Here, the defendants submit that the plaintiffs' claims are barred by claim preclusion. "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *O'Nesti*, 113 Ohio St. 3d at 61 (citation omitted). Claim preclusion also bars subsequent actions involving claims which "could have been litigated in the previous suit[.]" *Id.*

13

Claim preclusion requires four elements: "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) (applying Ohio law) (citation omitted); *see also Portage Cnty. Bd. of Comm'rs v. City of Akron*, 109 Ohio St. 3d 106, 122-23 (Ohio 2006) (citation omitted).

In the instant action, there is no dispute that the second element is met because the action involves the same parties as the Foreclosure Action, *i.e.*, the Trustee Wells Fargo, Option One, and Sand Canyon and their privies (Foreclosure Counsel). *See Thompson v. Wing*, 70 Ohio St. 3d 176, 184 (1994) ("As a general matter, privity 'is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the *res judicata*.'") (citation omitted).

The first element of the claim preclusion test too is met because there was a final judgment issued in the Foreclosure Action, by a court of competent jurisdiction. That decision was affirmed by the Tenth District Court of Appeals and denied review by the Ohio Supreme Court. In a sense, however, the plaintiffs do dispute the finality of the judgment by arguing that it was obtained by false representations, fraud, and collusion upon the state court. This Court, in *Kline v. Mortgage Electronic Security Systems*, No. 3:08cv408, 2011 U.S. Dist. LEXIS 30821 (S.D. Ohio Feb. 16, 2011), evaluated the preclusion doctrines under Ohio law and explained that there is no fraud or collusion exception to the finality of a judgments. The *Kline* plaintiff argued against the application of claim and/or issue preclusion, asserting that "neither form of preclusion

14

applies where there are allegations that the prior judgment might have been tainted or otherwise impacted by fraud." 2011 U.S. Dist. LEXIS 30821, at *12 (internal quotation marks omitted). In rejecting the plaintiff's argument, the *Kline* court explained:

> As a recent decision out of this very Court astutely has recognized, however, if a plaintiff "believes [that a] Common Pleas judgment was obtained by fraud on that court, [his] remedy is by way of a motion for relief from judgment under Ohio R. Civ. P. 60(B), not by way of a collateral attack on that court's judgment." *See Thyne v. GMAC Mort. Corp.*, No. 3:09-c-377, 2010 U.S. Dist. LEXIS 89591, 2010 WL 3075185, at *4 (S.D. Ohio Aug. 4, 2010) (Merz, M.J.).

2011 U.S. Dist. LEXIS 30821, at *13. *See also Thyne*, 2010 WL 3075185, at *4. Thus, according to *Kline* and *Thyne*, the plaintiffs' argument that the judgment against them was obtained by fraud on the state court does nothing to change the nature of the finality of that judgment for preclusion purposes. *See also Scherer v. JPMorgan Chase & Co.*, No.2:11-cv-635, 2011 U.S. Dist. LEXIS 149585, at *15-17 (S.D. Ohio Dec. 29, 2011) (Frost, J.) (agreeing with and adopting the analysis of *Kline* and *Thyne*). If the plaintiffs believed that the judgment against them was obtained by a fraud committed on the court, that argument should have been made in a Rule 60 motion to that court.

Next, the Court easily finds that the fourth element of the claim preclusion test is established because plaintiffs' claims arise from the same transaction or occurrence as the claims in the Foreclosure Action. "A transaction or occurrence is defined as a 'common nucleus of operative facts.'" *Fifth Third Bank v. Hopkins*, 177 Ohio App. 3d 114, 118 (Ohio Ct. App. 2008) (quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995)). "That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims." *Grava*, 73 Ohio St.3d at 383 (quoting Restatement

15

(Second) of Judgments § 24 cmt. c (1982)). Because the plaintiffs' claims in the case before this Court share a common nucleus of operative facts with their claims in the Foreclosure Action, they arise from the same transaction or occurrence

Finally, the Court concludes that the final element is met because plaintiffs assert claims that either were or "could have been litigated in the first action[.]" *See Hapgood*, 127 F.3d at 493. Under Ohio Rule of Civil Procedure 13, a party "shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Ohio R. Civ. P. 13(A). Although the plaintiffs argue that their current action advances claims that have not yet been addressed by any court in prior proceedings, nothing prevented them from asserting those claims in the Foreclosure Action. Indeed, because the claims arose from the same transaction or occurrence as the plaintiffs' counterclaims in the Foreclosure Action, the plaintiffs were required to assert them in the Foreclosure Action under the Ohio Rules of Civil Procedure and under Ohio's claim preclusion doctrine. *See Grava*, 73 Ohio St.3d at 382 (stating that claim preclusion "requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it") (citation omitted).

Accordingly, even when accepting the allegations in the complaint or the proposed amended complaint as true, the plaintiffs have failed to state any claim that is plausible on its face.

## VI. Conclusion

For the reasons stated herein, the Court **GRANTS** the Motion to Dismiss of Defendants

16

Wells Fargo Bank, N.A., Sand Canyon Corporation, and Option One Mortgage Corporation (Doc. 12), **GRANTS** the Defendants Dennis Reimer, Peter Mehler, and Reimer & Lorber Co., L.P.A.'s Motion to Dismiss Complaint (Doc. 15), and **DENIES** Plaintiffs Phillip Sessley and Leonadra Hutchins Sessley Request for Leave to File First Amended Verified Complaint & Declaratory Judgment (Doc. 29). The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

3-6-2012
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**