UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PHILLIP SESSLEY, et al.,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

Case No. 2:11-cv-348
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on the plaintiffs' motion for reconsideration (Doc. No. 42) of this Court's order entering judgment (Doc. No. 41) in favor of the defendants. That judgment was entered pursuant to this Court's order granting the defendants' motions to dismiss and denying the plaintiffs' motion to amend the complaint. (Doc. No. 40.) The defendants Wells Fargo Bank, N.A., Sand Canyon Corporation, and Option One Mortgage Corporation opposed the plaintiffs' motion for reconsideration (Doc. No. 44) as did the defendants Dennis Reimer, Peter Mehler, and Reimer & Lorber Co., L.P.A (Doc. No. 43). The plaintiffs did not file a reply memorandum and the time to do so has passed.

The plaintiffs' motion, while titled as a motion for reconsideration, is in the nature of a request for relief from judgment. The Court recognizes that filings are to be construed by their substantive content and not by their labels. *Coleman v. Ohio State Univ. Med. Ctr.*, No. 11-0049, 2011 U.S. Dist. LEXIS 83813, at *6 (S.D. Ohio Aug. 1, 2011). It will therefore construe the plaintiffs' request as one for relief from judgment under Rule 59(e) of the Federal Rules of Procedure. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Rule 59(e) allows district courts to correct their own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). The decision of whether to grant relief under Rule 59(e) is left to the district court's sound discretion. *In re Ford Motor Co. Securities Litigation, Class Action*, 381 F.3d 563, 573 (6th Cir. 2004). A motion to amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). A motion to alter or amend a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources. *Am. Textile Mfrs. Institute, Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1997). A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not. *Sault Ste. Marie Tribe of Indian Tribes v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

In the instant action, the plaintiffs argue that they are entitled to relief from judgment "based on (1) new evidence not previously available as such there has been a significant change in the facts, (2) the need to correct a clear error of law, mistake or prevent manifest injustice, and the court's misunderstanding of their claims and request for relief, material facts in relation to the state foreclosure proceedings, and the identity, roles and capacity of the various parties to the foreclosure and this instant action to events circumstances state court proceedings." (Doc. No. 42 at 2.)

While the plaintiffs rely on several reasons that Rule 59 considers sufficient to provide relief, they nowhere support their statements with any facts. That is, they point out no new

2

evidence, clear error of law, or manifest injustice. Instead, the plaintiffs reargue their previous positions and/or bring up arguments that could have been argued earlier. Accordingly, the Court **DENIES** the plaintiffs' motion for reconsideration.

**IT IS SO ORDERED.**

\_\_5-1-2012_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**